**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SHRECO THOMPSON BURNETT,** | * | |
| **et al.,** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | **Civil No. RWT   06-cv-918** |
| | * | |
| **RENDARD JOHNSON, et al.,** | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

On April 10, 2006, Plaintiffs Shreco Thompson Burnett, Christine Barnes, and Calvin Barnes, filed a Complaint asserting various claims against Rendard Johnson, Esq., Apple Title International, LLC, Will Purcell, and Montgomery Capital Mortgage Corp. Defendants subsequently filed Motions for More Definite Statement [Paper Nos. 4 & 5] asserting that, as drafted, the Complaint is so vague and ambiguous that they cannot reasonably frame responsive pleadings. The Motions further note that the Complaint fails to set forth, in separate counts, each cause of action being alleged, and for each count, to identify the Plaintiff(s) and Defendant(s) as required by the Federal Rules of Civil Procedure. The issues have been fully briefed, and the Court now rules, no hearing being deemed necessary. L.R. 105.6.

Under the federal rules, " pleadings are intended simply to put the defendant on notice of the basic nature of the plaintiff's case and to give the plaintiff a general idea of what defenses he will face." Wright & Miller, Federal Practice and Procedure Civil 3d § 1375 at 301. The motion for a more definite statement is authorized by Federal Rule of Civil Procedure 12(e). This Rule is to be read in conjunction with Federal Rule of Civil Procedure 8, which requires that an affirmative

pleading consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Under these rules, therefore, a plaintiff's complaint must set forth "the prima facie elements of the claim in such a manner as to fairly appraise the adverse party of action against him." Waterfront Guard Assoc. v. Amstar Corp., 363 F. Supp. 1026, 1030 (D. Md. 1973), aff'd, 508 F.2d 839 (4th Cir. 1974), cert. denied, 421 U.S. 1000 (1975).

Upon examination of the Complaint, it is clear that it fails to comply with these rules or provide an adequate pleading that gives the Defendants fair notice of the nature and basis of the claims asserted. The Plaintiffs, who collectively are the buyers and sellers of a parcel of real property, filed a one-count Complaint against four Defendants. Entitled "Claims," that one count appears to contain numerous claims or causes of action. This "Claims" section lacks clarity as to which Plaintiff(s) is suing which Defendant(s) for which cause(s) of action. Furthermore, numerous different causes of action are suggested, yet are not separated out into distinct counts in contravention of federal rules, which provide that each claim "shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). Indeed, "clear presentation" is noticeably absent here.

Furthermore, Plaintiffs appear to allege breach of fiduciary duty and fraud, but fail to do so with particularity. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b). Specifically, in cases involving multiple defendants, Rule 9(b) requires that "the complaint [] inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant." Vicom, Inc. v. Harbridge Merchant Services, 20 F.3d 771, 778 (7th Cir. 1994). In this case, because Plaintiffs have lumped together multiple claims and multiple Defendants under the "Claims" section of the Complaint, Plaintiffs have failed to provide the specificity required under the Rules.

The Court will therefore by separate order grant Defendants' Motions for a More Definite Statement, and direct the Plaintiff to file an amended complaint in conformance with this opinion.


June 16, 2006                                              /s/
DATE                                              ROGER W. TITUS
                                                  UNITED STATES DISTRICT JUDGE